[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION
The court accepts and orders the parties' stipulation that the defendant pay $15 per week towards the state's support arrearage of $5,564.84 found as of 10/16/97. This amount is in addition to the current support and alimony orders and is payable through the Bureau of Support and is subject to immediate wage withholding.
ELAINE GORDON, JUDGE
In re: John G.
Enclosed is a copy of page 17 of the Memorandum of Decision filed 11/14/97 by the Honorable Richard W. Dyer, Judge of the Superior Court in the above captioned matter. It may be missing from the Decision earlier forwarded to you.
birth.[6] But this does not establish that the respondent has maintained a continuing, reasonable degree of concern for John's welfare. Indeed, as a result of the mother's lack of contacts with the child, John G. does not recognize her as a family member. The court finds that clear and convincing evidence at trial established that Pearline M. has failed to maintain a reasonable degree of interest, responsibility or concern for the welfare of John G. for a period of time well in excess of one year. Accordingly, the court finds that DCF has proven this statutory ground for termination of the respondent mother's CT Page 11932 parental rights.
2. Parental Failure to Rehabilitate:
C.G.S. 17a-112 (b)(2) sets forth the statutory criteria for this ground for termination of parental rights. The statute applies in those cases where:
 "The parents of a child who has been found by the superior court to have been neglected or uncared for have failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child they could assume a responsible position in the life of the child."
The term "personal rehabilitation" as used in the foregoing statute refers to the restoration of a parent to his or her former constructive and useful role as a parent. In re MadgaliaM., supra. See also In re Juvenile Appeal, 1 Conn. App. 463, 477,473 A.2d 795, cert denied, 193 Conn. 802, 474
[6] The money damages recovered by this civil action are being held for the benefit of the child by an attorney who serves as his guardian ad litem.